## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| **WARREN E. AGIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 14-cv-12885** |
| | ) | |
| | ) | |
| **SAM HILL, LLC & WARREN W. HILL,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |
| | ) | |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                     **December 2, 2014**

### I.      Introduction

Plaintiff Warren E. Agin (the "Trustee") brought this adversary proceeding against

defendants Sam Hill, LLC (the "LLC") and Warren W. Hill ("Hill") (collectively, the

"Defendants") to recover assets allegedly held by the Defendants.  The Defendants have moved

to withdraw the reference to the bankruptcy court.  D. 1.  For the reasons stated below, the Court

DENIES the motion without prejudice to the bankruptcy court taking later action in this regard.

### II.      Factual Background

The following factual summary is drawn from the Trustee's complaint.  This proceeding

is an adversary proceeding related to the Chapter 7 bankruptcy case In re Warren W. Hill

Construction Co, Inc. ("Hill Construction"), No. 13-11423-WCH.  Hill is the principal of Hill

Construction.  D. 3 at 14 ¶ 10.  In 2010, Hill Construction won a contract for the construction of

a Nantucket residence.  Id. at 15 ¶ 23.  Soon after Hill Construction secured that contract, Hill

allegedly began paying himself and an employee a salary of $312,000 each from Hill Construction's assets.  Id. ¶ 24.  Hill also paid himself a generous bonus, took "loans to stockholder," and received other transfers from Hill Construction.  Id. at 16 ¶¶ 26-29.  In January 2012, after the owner of the Nantucket residence, 4MVR, LLC ("4MVR"), refused Hill's request for an increase in the contract price, Hill, on behalf of Hill Construction, repudiated the contract. Id. ¶¶ 31-34.  In response, 4MVR terminated the contract.  Id. ¶ 34.

One day later, Hill formed the LLC.  Id. ¶ 35.  The Trustee alleges that Hill Construction transferred substantially all of its assets to the LLC without observing any corporate formalities. Id. at 18 ¶ 60.  The Trustee further alleges that Hill, through Hill Construction, transferred cash and other assets to the LLC without receiving consideration.  Id. at 20 ¶ 73.  In addition, Hill allegedly collected an excessive salary and other compensation from Hill Construction at the expense of Hill Construction and its creditors.  Id. ¶¶ 81-82.  The Trustee seeks to consolidate the assets of the LLC and Hill into Hill Construction's estate; to deem the LLC and Hill liable as successors; to pierce the corporate veil and deem the LLC and Hill liable as "alter egos" of Hill Construction; to recover the excessive portion of Hill's compensation; and to avoid fraudulent transfers of Hill Construction's assets and property.  D. 3 at 25-26.

## III. Procedural History

The Defendants move to withdraw the reference of this adversary proceeding to the bankruptcy court.  D. 1.  Relatedly, Hill seeks to consolidate this action with another matter pending before this Court, 4MVR, LLC v. Warren W. Hill, 12-cv-10674-DJC (the "District Court Action").  D. 115 (Hill's motion to consolidate).  The Court heard the parties on both motions on November 19, 2014 and took the matters under advisement.  D. 11.

## IV. Discussion

Federal district courts have original jurisdiction over cases arising under Title 11 of the Bankruptcy Code, 28 U.S.C. § 1334. However, in this district, bankruptcy cases are automatically referred to the bankruptcy court. 28 U.S.C. § 157(a); L.R. 201. A district court may withdraw a reference to the bankruptcy court if the action calls for the adjudication of a federal law by an Article III court. United States v. Kaplan, 146 B.R. 500, 502 (D. Mass. 1992). The statute governing withdrawal provides that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or a timely motion of any party, for cause shown." 28 U.S.C. § 157(d). To determine if cause for withdrawal has been sufficiently demonstrated, courts generally consider several factors: (1) promoting uniformity in bankruptcy administration; (2) reducing forum shopping; (3) reducing confusion; (4) fostering the efficient use of the parties' resources; and (5) expediting the bankruptcy process. Kaplan, 146 B.R. at 504 (adopting factors articulated in Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992, 999 (5th Cir. 1985)). The statutory language and legislative history make it clear that, unless withdrawal is "'essential to preserve a higher interest,'" Congress's intention is for bankruptcy courts to adjudicate bankruptcy proceedings. Weiss v. Lockwood, 499 B.R. 392, 393 (D. Mass. 2013) (quoting Kaplan, 146 B.R. at 502).

"Cause to withdraw a reference exists where a party has a right to a trial by jury and does not consent to having that trial in the bankruptcy court." In re Wolverine, Proctor & Schwartz, LLC, 404 B.R. 1, 2 (D. Mass. 2009). The Defendants do not consent to the bankruptcy court conducting a jury trial, D. 1 at 11, but, as a threshold matter, the parties dispute whether the Defendants are entitled to a jury trial of the claims against them. Among the claims asserted by the Trustee are claims for fraudulent transfers. D. 3 at 21-25, Counts V-IX. Defendants generally are entitled to a jury trial on those claims. See Granfinanciera S.A. v. Nordberg, 492

U.S. 33, 46-47 (1989) (stating that "[w]e . . . conclude that respondent would have had to bring his action to recover an alleged fraudulent conveyance of a determinate sum of money at law in 18th-century England, and that a court of equity would not have adjudicated it").  However, the Trustee argues that Granfinanciera is inapplicable because of "the Trustee's likely recovery on equitable grounds."  D. 4 at 8.  The Trustee correctly notes that Granfinanciera draws a distinction between suits asserting legal rights, in which defendants are entitled to a jury trial, and suits asserting equitable rights, to which the Seventh Amendment does not apply. Granfinaciera, 492 U.S. at 41.

The Trustee further contends that the Defendants are not entitled to a jury trial because the bankruptcy court need not reach the Trustee's fraudulent transfer claims, allowing recovery of estate assets on equitable grounds instead.  D. 4 at 8.  The Trustee's complaint seeks, in part, to pierce the corporate veil and treat the LLC as an "alter ego" of Hill Construction.  D. 3 at 19-20, Count III.  This theory is equitable in nature, and therefore not suggestive of a right to a trial by jury.  Weiss, 499 B.R. at 394 (declining to withdraw reference where bankruptcy court did not need to reach fraudulent conveyance claims if it concluded that defendants were "alter egos" of debtor because claim seeking to pierce a corporate veil under an "alter ego" theory is equitable in nature).[1]

The parties also dispute the import of the Supreme Court's decision in Stern v. Marshall, 131 S. Ct. 2594, 2604, 2620 (2011), which held that a bankruptcy judge lacked the constitutional

---

[1] The court in Weiss was also persuaded by the fact that the trustee sought to void the fraudulent conveyance of real property, as opposed to a sum of money.  Weiss, 499 B.R. at 394 (distinguishing Granfinanciera because it involved a claim for a "'determinate sum of money'" and not for real property) (quoting Granfinanciera, 492 U.S. at 47).  Here, it is unclear whether the Trustee seeks a "determinate sum of money."  The complaint seeks recovery of unspecified "assets" and "property" of Hill Construction allegedly fraudulently conveyed by Hill to the LLC "or the value thereof," but it does not allege a specific dollar value.  D. 3 at 26.

authority to enter a judgment on a state law counterclaim that had not been resolved in the proof of claim process, even though the bankruptcy court had statutory authority to address the matter as a "core proceeding." See 28 U.S.C. § 157(b)(1) (authorizing bankruptcy courts to hear and determine core proceedings arising in a bankruptcy case or under Title 11). The Defendants assert that, in the wake of Stern, "it is uncertain whether the Bankruptcy Court, as an Article I court, has the constitutional authority to decide the Trustee's fraudulent transfer claims." D. 1 at 11; see In re Bellingham Ins. Agency, Inc., 702 F.3d 553, 563, 565 (9th Cir. 2012) (noting that "Stern fully equated bankruptcy litigants' Seventh Amendment right to a jury trial in federal bankruptcy proceedings with their right to proceed before an Article III judge" and concluding that "Granfinanciera and Stern settle the question of whether bankruptcy courts have the general authority to enter final judgments on fraudulent conveyance claims asserted against noncreditors to the bankruptcy estate. They do not."), aff'd sub nom. Executive Benefits Ins. Agency v. Arkison, 134 S. Ct. 2165 (2014).

While it may be true that the bankruptcy court lacks the constitutional authority to decide fraudulent conveyance claims, it is important to recognize that, in response to Stern, this district adopted L.R. 206. That rule directs a bankruptcy judge to hear a proceeding even if he "determines that entry of a final order or judgment by a bankruptcy judge would not be consistent with Article III." L.R. 206. After hearing a matter, should an objection arise, the rule calls for the bankruptcy judge to submit proposed findings of fact and conclusions of law to the district court, and a district court judge will review *de novo* those findings and conclusions to which objection has been made. Id. The Supreme Court confirmed that this is the appropriate course of action when it affirmed the judgment of the Ninth Circuit in the Bellingham case. Arkison, 134 S. Ct. at 2173 (holding that when considering Stern claims, i.e., those that are

statutorily defined as core proceedings, but which must be adjudicated by an Article III court, "[t]he bankruptcy court should hear the proceeding and submit proposed findings of fact and conclusions of law to the district court for *de novo* review and entry of judgment").

Here, if the bankruptcy judge rules solely on equitable grounds, then the Defendants' potential right to a jury trial will not be implicated. If the bankruptcy judge reaches the Trustee's fraudulent conveyance claims and determines that his disposition of those claims is inconsistent with Article III, then he may submit those claims to this Court for adjudication. If the Defendants are entitled to a jury trial, the jury would be the finder of fact, so the bankruptcy court would not be called upon to offer proposed findings of fact as contemplated by L.R. 206. However, the bankruptcy court may preside over all pretrial proceedings and submit proposed findings on dispositive motions. Feldman v. ABN AMRO Mortgage Group Inc., 515 B.R. 443, 452, 453 (E.D. Pa. 2014) (noting disagreement "with the Trustee that the prospect of a jury trial at some later date mandates immediate withdrawal").

The Court discerns no reason to withdraw this proceeding from the bankruptcy court at this time. The Defendants assert that this matter should be withdrawn and consolidated with the pending District Court Action because both proceedings "arise from the same set of facts and will involve identical issues." D. 1 at 8. The Court has denied the motion to consolidate in a separate order issued today. For reasons explained more fully in that order, the District Court Action concerns alleged misrepresentations by Hill in the course of the negotiation and performance of the 4MVR contract. This case, on the other hand, is restricted to the alleged improper transfer of Hill Construction's assets to a successor entity on the eve of bankruptcy. Contrary to the Defendants' argument, the Trustee's claims do not "necessarily depend on a finding by the Bankruptcy Court that [Hill Construction] breached its contract with 4MVR." D.

1 at 8.  The Court is not persuaded that there is a risk of inconsistent results or that withdrawal will promote judicial economy or conserve the parties' resources.  Given the possibility that this Court may never be called upon to hold a jury trial, it is most efficient to permit the bankruptcy court, which is already familiar with Hill Construction and its assets, to continue to preside over this matter, but still later allows for *de novo* review of the findings and conclusions of the bankruptcy judge under L. R. 206, or even to conduct a jury trial on the fraudulent conveyance claims if they are ever reached.  Weiss, 499 B.R. at 394-95.

V.      **Conclusion**

For the foregoing reasons, the Court DENIES Defendants' motion to withdraw reference, D. 1.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge